**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| HIZOAN NEW 1 GP, LLC,<br>Plaintiff,<br>v.<br>SLEEP CHEAP MATTRESS #2, a general partnership, MATT BAKER, MARK APGAR, SR., and MARK APGAR, JR.,<br>Defendants. | No. 2:25-cv-03032-SHL-atc |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO LIFT STAY AS TO NONDEBTOR DEFENDANTS AND EXTENDING TIME FOR SERVICE, BUT DENYING RETROACTIVE SERVICE DEADLINE**

Before the Court is Plaintiff Hizoan New 1 GP, LLC's Motion to Lift Stay as to Nondebtor Defendants and Extend Time for Service Retroactively, filed November 6, 2026. (ECF No. 11.) Hizoan seeks to (1) lift the bankruptcy-related stay in this case, and (2) set the service deadline as to Defendants Mark Apgar, Sr. and Mark Apgar, Jr., retroactively, for October 28, 2026. (Id. at PageID 38.) Although the Apgar Defendants filed respective Answers, they filed no response to Hizoan's present Motion, and the deadline to do so has passed. (ECF Nos. 12, 13.)

Hizoan filed this lawsuit on November 11, 2025. (ECF No. 1.) The original deadline to serve Defendants expired on February 9, 2026, which was seventeen days before the Suggestion of Bankruptcy was filed on February 26. (ECF No. 9.) The Order Staying Case was entered the same day. (ECF No. 10.) Hizoan now seeks to lift the stay, and set a retroactive deadline of October 28 to serve the Apgars. (ECF No. 11.)

"If a defendant is not served within 90 days after the complaint is filed, the court—on

motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Hizoan contends that it failed to effectuate service on the Apgars by February 9 due to "confusion between Mark Apgar, Sr., and Mark Apgar, Jr.," which resulted in an administrative error at Plaintiff's counsel's office. (ECF No. 11 at PageID 38–39.) On September 21, 2026, the bankruptcy court entered an order confirming termination of the automatic stay, and Hizoan arranged for renewed service efforts using updated address information for the Apgars. (Id.) According to Hizoan, that service was completed by October 28, 2026. (Id.) On November 6, Hizoan filed this Motion seeking to set a retroactive service deadline of October 28. However, Hizoan failed to file its Motion to lift this Court's stay before effectuating service. (Id.) The Order Staying Case stayed the proceedings as to all defendants because "there [was] no realistic way to proceed against one [defendant] without violating the automatic stay for the bankruptcy estate." (ECF No. 10 at PageID 36.) Thus, Hizoan attempted service while the stay was in effect for all Defendants.[1] Because Hizoan failed to file the present Motion earlier, and thus attempted service while the case was stayed, no retroactive service deadline will be set. Nevertheless, Hizoan's deadline to serve the Agpar Defendants shall be extended.

The Motion is **GRANTED IN PART**. The stay is **LIFTED**, and Hizoan **SHALL** have **FOURTEEN DAYS** upon the entry of this Order to properly serve the Apgar Defendants and file proof of such service. A retroactive service deadline is **DENIED**.

[1] Although the Apgar Defendants have appeared and answered, they object to the sufficiency of service. (ECF No. 12 at PageID 57; ECF No. 13 at PageID 61.)

**IT IS SO ORDERED,** this 24th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE